

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

Evan M. Piercey
Assistant Corporation Counsel
Labor and Employment Law Division
Phone:  (212) 356-2428
Fax: (212) 356-2439
epiercey@law.nyc.gov

January 4, 2017

**By ECF**
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Kecia A. Kemp v. City of New York Department of Health,
      16-CV-1080 (BMC) (PK)

Dear Magistrate Judge Kuo:

  I write on behalf of Defendant New York City Department of Health and Mental Hygiene ("DOHMH"), and pursuant to Rules 5(B)(1) of Your Honor's Individual Practices, to respectfully request a pre-motion conference to seek leave to move to dismiss the Complaint, and to seek a stay in discovery pending resolution of that motion.  Defendant also requests an adjournment, without a new date, of the initial conference, which is presently scheduled for January 17, 2017.  Plaintiff's counsel consents to the adjournment of the initial conference, but does not consent to a stay of discovery pending resolution of the motion to dismiss.

  Plaintiff, a Public Health Advisor, Level II, employed by DOHMH, claims that she was subjected to disparate treatment, retaliation, and a hostile work environment based on her race and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL").  Plaintiff also claims that she has suffered interference and retaliation under the Family Medical Leave Act of 1993 ("FMLA") and that Defendant DOHMH breached an implied contract.

  **1.**  **DOHMH Is Not a Suable Entity**

  Despite being afforded the opportunity to amend her original Complaint, Plaintiff still failed to name a suable entity. See N.Y.C. Charter § 396.

  **2.**  **The Court Lacks Subject Matter Jurisdiction over Part of Plaintiff's Claims and a Majority of Her Claims are Untimely**

  Prior to commencing an action under Title VII, a plaintiff must receive a right to sue letter from the EEOC.  See McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 213 (2d Cir. 2006).  Here, the letter Plaintiff relies on permits her to file suit for disability discrimination,

not under Title VII.[1] See Amended Complaint (Am. Compl."), Exh. A, Dkt No. 24. Moreover, "In New York, claims under Title VII . . . that accrued more than 300 days before the filing of a charge with the [EEOC] are time-barred." Almontaser v. N.Y.C. Dep't of Educ., 2014 U.S. Dist. LEXIS 92760, at *13 (E.D.N.Y. July 8, 2014). Further, Plaintiff alleges that she filed five EEOC charges, yet only provides a right to sue letter for the December 2015 charge. See Am. Compl., Exh. A. Accordingly, to the extent that Plaintiff alleges discrete discriminatory or retaliatory acts occurring prior to February 2015, her claims are time-barred. See 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. § 2000e-5(e)(1).[2]

### 3. Plaintiff Fails to Establish Disparate Treatment[3] or Hostile Work Environment Claims

To establish a prima facie case of disparate treatment under Title VII, "a plaintiff must show that (1) [she] is a member of a protected class; (2) [she] was qualified for the position he held; (3) [she] suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Ruiz v. County of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010). Here, while a majority of Plaintiff's claims are untimely, Plaintiff's allegation that her placement on leave pursuant to New York State Civil Service Law §72 was motivated by discriminatory animus is unsupported by any factual allegations and therefore cannot support her claims. See Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (citing Grillo v. N.Y. City Transit Auth., 291 F. 3d 231, 235 (2d Cir. 2002)). Moreover, Plaintiff has failed to demonstrate that the denial of her alleged transfer requests constituted adverse employment actions sufficient to establish a disparate treatment claim. See Williams v. R.H. Donnelley Corp., 368 F.3d 123, 128 (2d Cir. 2004).

To establish a hostile work environment claim, "[t]he plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002). Plaintiff repeatedly asserts that she made multiple requests to transfer because of "harassment" and a "hostile work environment," both conclusory allegations not entitled to the presumption of truth on a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The only factual allegations on which Plaintiff basis her hostile work environment claims were the purported "inconsistencies in her work allocation" and a "change of command," neither of which rise to the level necessary to demonstrate a hostile work environment.

### 4. Plaintiff Fails to State a Claim for Retaliation

A prima facie case of retaliation under Title VII and the SHRL requires a plaintiff to show she engaged in protected activity known to the employer and suffered an adverse employment action as a consequence. Kelly v. Howard I. Shapiro & Assocs. Consulting

---

[1] Plaintiff fails to indicate whether she received a right to sue letter for the three additional alleged EEOC charges referenced in the Complaint. See Am. Compl. ¶¶ 60-62. If Plaintiff did receive right to sue letters, she fails to allege that she commenced this action within 90 days of their receipt and the Court should dismiss her federal claims on that additional ground. See Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011)

[2] Any allegations of discrete discriminatory or retaliatory conduct occurring prior to March 2, 2013 – three years before the filing of the Complaint-- are time-barred under the SHRL and CHRL. See N.Y. Exec Law §§ 296; N.Y.C. Admin Code § 8-502(d).

[3] Plaintiff's Count III alleging disparate impact under Title VII is subject to dismissal because the "facially neutral employment practice[s] [that Plaintiff] invokes as the premise for disparate impact liability coalesces with the [practices and indefinite leave] which she claims to have constituted disparate treatment." See Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 115 (2d Cir. 1992).

Engineers, P.C., 716 F.3d 10, 14 (2d Cir. 2013). [4] Here, Plaintiff appears to allege that she was retaliated against for her complaints and grievances filed against her supervisor. See Am. Compl., ¶ 122. However, Plaintiff has failed to establish any causal connection between the CSL §72 placement on indefinite leave and any alleged grievances or complaints against her supervisor. Moreover, the nearly four-month passage of time between the last alleged complaint made – September 18, 2015 – and the initial placement on CSL §72 leave on January 13, 2016, does not allow for an inference of causation. See Preuss v. Kolmar Labs., Inc., 970 F.Supp. 2d 171, 198 (S.D.N.Y. 2013) ("noting that Courts hold a "passage of more than two months" breaks the causal connection) (internal quotation marks omitted) (emphasis added).

### 5. Plaintiff fails to State a Claim of Retaliation or Interference Under the Family Medical Leave Act

The Second Circuit recognizes two types of claims under the FMLA – "interference" and "retaliation." See Potenza v. City of N.Y., 365 F.3d 165, 167-68 (2d Cir. 2004). Here, Plaintiff fails to establish either. Plaintiff sets forth no factual allegations demonstrating that DOHMH impeded her ability to exercise her FMLA rights. Moreover, Plaintiff's retaliation claim is contradicted by her timeline, which establishes that the Plaintiff was first placed on § 72 leave pursuant on January 13, 2016, six months **prior** to her alleged request for FMLA leave "in or about July 2016." See Am. Compl. Dkt. No. 24, ¶¶ 73, 89.

### 6. Plaintiff fails to Establish a Breach of Contract Claim

Plaintiff's breach of contract claim fails of contract because Plaintiff failed to allege the existence of any actual contract. See Willis v. Verizon N.Y., Inc., 2012 U.S. Dist. LEXIS 86651 at *17 (E.D.N.Y. June 22, 2012).

Thus, Defendant respectfully requests permission to seek dismissal of the Complaint on the pleadings. Further, given the strength of the motion, and noting that even a partially successful motion will greatly narrow discovery, Defendant respectfully requests a stay of discovery and an adjournment of the initial conference pending resolution of the motion. In re Currency Conversion Fee Antitrust Litig., 2002 U.S. Dist. LEXIS 974 (S.D.N.Y. 2002).

Thank you for your consideration of these requests.

Respectfully submitted,

/s/
Evan M. Piercey
Assistant Corporation Counsel

CC: **BY ECF:** Chauncey D. Henry, Esq.

---

[4] Similarly, a CHRL plaintiff must show protected activity known to the employer, an employment action that disadvantaged the plaintiff, and a causal connection Fattoruso v. Hilton Grand Vacations Co., 525 F. App'x 26, 27 (2d Cir. 2013).

4