**HENRY|LAW**GROUP

North Baldwin Office
1597 Grand Avenue
N. Baldwin, New York 11510
Phone: (516) 366-4367
Fax: (516) 688-3955
hlawg.com

Chauncey D. Henry, Esq.
DIRECT DIAL: (516) 874-3558

January 18, 2017

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Kecia A. Kemp v. City of New York Department of Health, Eastern District of New York (Brooklyn), Civil Case No.:16-CV-1080 (BMC)(PK), Our File No.:465-351: <u>Plaintiff's Opposition to Defendant's Letter Motion to Dismiss</u>

Dear Honorable Brian M. Cogan:

      This office represents Kecia Kemp, (hereinafter "Plaintiff") in the above captioned matter, and submits the foregoing letter in Opposition to the Defendant's Pre-Motion Conference request which the Court has deemed to constitute Defendant's Motion to Dismiss[1].

### I. **Background Facts**

      The Plaintiff commenced this action against the City Of New York Department of Health (hereinafter "DOHMH") on the basis of disparate treatment, retaliation, and a hostile work environment based on her race and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("SHRL") and the New York City Humans Rights Law ("CHRL"). Listed below are the corresponding reasons as to why a prima facie case has been established, despite claims otherwise from the opposing counsel.

---

[1] Plaintiff hereby reserves her right to seek the appropriate relief under Rule 60, et seq. from the Order directing this instant opposition and any Order resulting therefrom.

## II.     Argument

### 1. Defendant's Claim That the Named Agency is Not A Suable Entity Is Meritless

As per the Defendant's claims, the Plaintiff failed to name a suable entity, as per NYC Charter §396. As per the language of the statute, "...recovery of penalties for the violation of any law agency shall be bought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." The statute allows for an exception to the rule, but provides no immediate or direct applications of that exception. Further in this matter, NYC Charter §564 provides that "the department may sue and be sued in and by the proper name of Department of Health and Mental Hygiene of the City of New York". As the City of New York was addressed in the proper manner per the initial complaint with additional attention drawn to the agency, the contention set forth by the Defendant is meritless, and thus the Defendant legally stands as a suable entity. However, to the extent that this point remains one of further contention, Plaintiff would stipulate to an amended caption upon presentment by the Defendant.

### 2. Plaintiff's Claims are Timely

Defendant claims that the letter of right to sue, received by the Plaintiff from the EEOC does not pertain to or allow suit under Title VII. However, supplemental jurisdiction should be granted as per 28 USC 1367; "...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 USCS § 1367 (LexisNexis, Lexis Advance through PL 114-284, with gaps of 114-255 and 114-268, approved 12/16/2016)). In the present claim, the letter issued by the EEOC allows for civil action under Title I of the Americans with Disabilities Act of 1990, 42 USC 12111, et seq. The discriminatory issues Plaintiff has endured against the Defendant all arise from the same nucleus of operative fact; discrimination in relation to race, disability, and corresponding claims against the Defendant are all so related that there is little division between the overall issues presented. In addition. by information and belief, Plaintiff's discrimination was originally based on race; it has been noted in the original amended complaint that non-Native American employees of the same tier of work were not discriminated against or subject to the same harassments the Plaintiff was made to endure (See Amended Complaint, generally).

Pertaining to timeliness, the 180 calendar day filing deadline is extended to 300 calendar days if a state or local agency enforces a law that prohibits employment discrimination on the same basis. *https://www.eeoc.gov/employees/timeliness.cfm* In a case to which section 14(b) [29 USCS § 633(b)] applies, within 300 days after the alleged unlawful practice occurred, or within

30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier. See 29 USCS § 626 (d)(1)(B) (LexisNexis, Lexis Advance through PL 114-284, with gaps of 114-255 and 114-268, approved 12/16/2016)).

Upon information and belief, the Plaintiff has filed several charges of discrimination against the Defendant, with the last one being in or about July, 2016. The letter attached to the first amended complaint was sent to the Plaintiff on May, 2016, during the period of time in which she was still employed. Coupled with the aforementioned jurisdiction conferred through 28 USC § 1367, Plaintiff's claims are not time barred.

### 3. Plaintiff 's Claim Establishes Disparate Treatment and/or a Hostile Work Environment

Defendant has correctly stated "To establish a prima facie case of disparate treatment under Title VII, "a plaintiff must show that (1) [she] is a member of a protected class; (2) [she] was qualified for the position held; (3) [she] suffered an adverse employment employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Ruiz v. County of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010). A racially hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Forrest v Jewish Guild for the Blind, 3 NY3d 295, 310, 819 N.E.2d 998, 786 N.Y.S.2d 382 [2004](Kumaga v NY City Sch. Constr. Auth., 27 Misc 3d 1207[A], 1207A, 2010 NY Slip Op 50619[U], *9 [Sup Ct, NY County 2010].)[***22] In addition, Defendant asserts that the Plaintiff's allegations are conclusory, and thus not entitled to the presumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

However, in the cited cases, the court determined that there were no significant allegations of discrimination; an insult alone was not sufficient in proving that discrimination was truly in question. (609 F.3d 486) To the issue at hand, the Plaintiff suffered several instances of abusive and discriminatory treatment instigated by the Defendant's managerial employees (See Amended Complaint, pg. 10, Paragraph 44), False accusations of theft and perceived hostility by the Plaintiff (Id., Pg. 11, Para. 46), and unreasonable changes in employment status (Id. at 12, Para. 52), all adverse actions fueled by a discriminatory and protected purpose. By case law application, these adverse actions by the Defendant would suffice in demonstrating, by fact liberally construed, that the Plaintiff's workplace "was permeated with discriminatory intimidation...sufficiently severe or pervasive to alter the conditions of the victim's employment". In regards to conclusory statements, the corresponding case law also states that "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (556 U.S. 662, 678, [****31]) As such, the Defendant's contention that the Plaintiff made conclusory statements not entitled to the presumption of truth on a motion to dismiss are also meritless. However, to the extent that there are facts which require further elaboration pre-discovery, Plaintiff reserves her right to file a third amended complaint.

### 4. Plaintiff has Sufficiently Stated a Claim for Retaliation

Defendant states that the Plaintiff failed to establish any causal connection between the CSL §72 placement on indefinite leave and any alleged grievances or complaints against her supervisor. According to case law, in order to make out a prima facie case of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action. Kelly v Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F3d 10, 12 [2d Cir 2013]. Upon information and belief, there were at least five (5) separate instances where the plaintiff engaged in protected activity against the Defendant in which no immediate resolution was achieved that would stand in compliance with administrative procedure. See Amended Complaint, Sec. III. pg. 6-7. Further in this matter, the rule applied was expanded to include that "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances." Galdieri-Ambrosini, 136 F.3d at 292 at [*15].( see also Kelly v Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F3d 10, 14-15 [2d Cir 2013].)

Given the extensive nature of conflict directed from the Defendant to the Plaintiff, a causal connection was established by the analysis of history between the parties; upon current information and belief, there is no prior documentation of the Plaintiff's placement on indefinite leave --which she contends represents adverse retaliation-- by the Defendant prior to the historical events giving rise to this action (the first mention of witnessed sexual harassment and Plaintiff engaging in protected activity, see Amended Complaint, pg. 5-8.) If weight is to be given to the totality of circumstances, then the contention of time passage by the Defendant (four-months; pg. 3 of Motion to Dismiss) would be meritless; the totality of circumstances would indicate that the Plaintiff's worsening relationship with the Defendant during extensive periods of discrimination was not born from single isolated incidents, but rather repeated behaviors that culminated over time and were directed specifically at the Plaintiff. Thus, in the light most favorable to the Plaintiff, the complaint sufficiently sets forth facts which support a claim of retaliation. However, to the extent that Defendant continues its contention in this regard, Plaintiff reserves her right to amend her complaint accordingly.

### 5. Plaintiff Sufficiently States a Claim of Retaliation or Interference Under the Family Medical Leave Act

a. Interference Claim

Section 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise,a ny right provided under this subchapter" To prevail on an FMLA interference claim, Plaintiff must establish that (1) she is an eligible employee; (2) Defendant is an employer; (3) She was entitled to leave under the FMLA; (4) She gave the Defendant notice of her intention to take leavel and (5) Defendant denied her FMLA benefits to which she was entitled. 29 USC §2611. Plaintiff set for factual allegations demonstrating that the Defendant impeded her ability to exercise her FMLA rights, specifically pertaining to the leave of absence in regards to her ill family member (See Amended Complaint, pg. 18, Para. 86).

b. Retaliation Claim

To establish a claim of FMLA retaliation, a plaintiff must show that (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. Hill v. City of New York, 136 F. Supp. 3d 304 (E.D.N.Y. 2012). Case law has been made clear that "proof of causal connection can be established indirectly by showing that the protected activity was followed closely by the discriminatory treatment…" Cooper v. New York State Nurses Ass'n, 847 F. Supp. 2d 437, 448 (E.D.N.Y. 2012). Close temporal proximity between FMLA leave and termination is sufficient to establish the causal connection element of a prima facie case. Lovejoy-Wilson v. NOCO Motor Fuel, Inc. 263 F.3d 208, 224 (2d Cir. 2001). Here, defendant has claimed that plaintiff's claim is contradicted by the timeline of events, establishing that the plaintiff first placed on §72 leave pursuant on January 13, 2016, six months prior to her allege request in July of 2016. However, the Plaintiff contends that during the month of June 2016; her hearing in regards to future employment status and administrative grievances were made in May of the same year. As such, close temporal proximity established by case law would render the Defendant's claim meritless. Further, without the benefit of discovery, or review of the Plaintiff's personnel file which our office requested several weeks ago, Defendant's self-serving claim should be ignored until such time that discovery takes place.

### 6. Plaintiff Sufficiently Establishes A Breach of Contract Claim

Defendant contends that plaintiff failed to allege the existence of any actual contract between the Defendant and the Plaintiff, per case law. See Willis v. Verizon N.Y., Inc. 2012 U.S. Dist. (E.D.N.Y June 22, 2012). However, the final expression of agreement between employer and employee is designed to be in contractual form; the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made; Second, the statement must be disseminated to the employee in such a way that the employee is aware of its contents and reasonably believes it to be an offer; Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. It is the commencement or continuation of work by the employee that constitutes both the acceptance of the employer's offer and the consideration to make the employer's promise legally binding. Duldulao v. St. Mary of Nazareth Hospital, 505 N.E.2d 314 (1987). Defendant's promise to provide a discrimination-free environment to all employees would be in direct violation of contractual terms, and thus give the Plaintiff cause to action.

### III.    Conclusion

For all of the foregoing reasons, this Court should deny Defendant's Motion to Dismiss request, and permit Plaintiff to litigate her claims in its entirety.

Respectfully Submitted,

/s/
Chauncey D. Henry, Esq.

CDH: cdh.
Evan Michael Piercey, Esq. (*Via ECF/First Class Mail*)