

**T**HE **C**ITY OF **N**EW **Y**ORK
### LAW DEPARTMENT

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**EVAN M. PIERCEY**
*Assistant Corporation Counsel*
Labor & Employment Law Division
phone: 212-356-2428
fax: 212-356-2439
epiercey@law.nyc.gov

January 24, 2017

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Kecia Kemp v. City of New York Department of Health
16-CV-1080 (BMC) (PK)

Dear Judge Cogan:

I am the Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, assigned to represent the Defendant in the above-referenced action. Please accept this letter brief as Defendant's reply papers in support of its motion to dismiss.

By letter dated January 4, 2017, Defendant moved to dismiss the Amended Complaint on the grounds that this Court lacked subject matter jurisdiction over some claims, the claims were in-part untimely, and that the Amended Complaint otherwise failed to state a cause of action. See Defendants' Letter Motion to Dismiss ("Def. Ltr."), ECF No. 26.

On January 18, Plaintiff submitted opposition to Defendant's letter motion to dismiss. See Opposition to Defendant's Letter Motion to Dismiss ("Plaintiff Opp.") ECF No. 27. Plaintiff's letter opposition fails to adequately address the arguments made in Defendant's motion, and further provides support for dismissal on the grounds argued in Defendant's motion.

As an initial matter, Defendant notes that the named defendant is not an actual entity, let alone a suable one, and Plaintiff is incorrect when she contends that she has brought suit against the New York City Department of Health and Mental Hygiene ("DOHMH"). See Def. Ltr. ECF No. 26, pp. 1.

**A. The Court Lacks Subject Matter Jurisdiction in Part and a Majority of Plaintiff's Claims are Untimely**

Plaintiff failed to rebut Defendant's argument that this Court lacks subject matter jurisdiction over part of her claims. Plaintiff readily admits that the right to sue letter she has

provided "allows for civil action under Title I of the Americans with Disabilities Act of 1990 ("ADA")," not Title VII. See Plaintiff's Opp. ECF No. 27, pp. 2. However, Plaintiff argues that this Court should construe the alleged conduct as "so related that there is little division between the overall issues presented." See id. To the extent that Plaintiff is arguing that her EEOC complaint should be considered to have been "exhausted" because her claims are "reasonably related" to the EEOC complaint, this argument fails. See Butts v. New York City Department of Housing Preservation and Development, 990 F.2d 1397, 1402-03 (2d Cir. 1993). Courts in this district have dismissed claims where the EEOC charge asserted dissimilar claims to those contained in the complaint. See Marshall v. N.Y.C. Bd. of Elections, 322 Fed. Appx. 17, 18 (2d Cir. 2009) (dismissing a religious discrimination claim where the EEOC charge only alleged race and gender discrimination); Musaji v. Banco Do Brasil, 2011 U.S. Dist. LEXIS 68161 *17-20 (S.D.N.Y. June 21, 2011) (dismissing race, national origin, and age discrimination claims where the EEOC charge only alleged religious discrimination); Mathura v. Council for Human Services Home Care Services, Inc., 1996 U.S. Dist. LEXIS 4127 *5-6 (S.D.N.Y. Apr. 2, 1996) (finding that a sex discrimination claim is not reasonably related to a race discrimination claims). Here, Plaintiff is alleging claims under Title VII, not the ADA. Accordingly, Plaintiff's claims are not "reasonably related" and should be dismissed for lack of subject matter jurisdiction.[1]

Plaintiff's argument that her claims are timely fails as a matter of law. Plaintiff asserts that she has filed "several charges of discrimination." See Plaintiff's Opp. ECF No. 27, pp. 3. However, other than the May 11, 2016 right to sue letter, Plaintiff provides no letters pertaining to the following charges she alleged in the Amended Complaint: June 2012, July 15, 2013, April 4, 2014, and July 2016. See Plaintiff's Opp. ECF No. 27, pp. 3; Amended Complaint ("Am. Compl."), ECF No. 24, ¶¶ 60-64. Accordingly, since the only charge of discrimination for which Plaintiff has provided her right to sue letter is dated May 11, 2016, any claims that accrued more than 300 days before the filing of that charge – December 2015 – are untimely. See 42 U.S.C. § 2000e-5(e)(1); Riddle v. Citigroup, 449 F. App'x 66, 69 (2d Cir. 2011). Moreover, even if Plaintiff did receive right to sue letters for the alleged charges from 2012, 2013, and 2014, those claims would be subject to dismissal, because there is no indication that she brought them within 90 days of receiving a right to sue letter. See Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 12117(a)) ("In order to be timely, an ADA [and Title VII] claim must be filed within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC"). Accordingly, a majority of Plaintiff's claims are untimely and should be dismissed.[2]

### B. Plaintiff Fails to State a Claim for Disparate Treatment or Retaliation under Title VII

First, as a threshold matter, Plaintiff failed to address Defendant's argument that

---

[1] Moreover, Plaintiff has failed to allege the existence of or provide a right to sue letter from her alleged July 2016 EEOC charge. Thus, she has failed to comply with a mandatory precondition to filing suit. See McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 213 (2d Cir. 2006) ("A private Title VII plaintiff must … first receive a 'right-to-sue' letter from the EEOC" prior to commencing suit).

[2] Any allegations of discrete discriminatory or retaliatory conduct occurring prior to March 2, 2013 – three years before the filing of the Complaint – are time-barred under the New York State and City Human Rights Laws. See N.Y. Exec Law §§ 296; N.Y.C. Admin Code § 8-502(d).

Plaintiff's Count III – her Title VII disparate impact claim – is subject to dismissal. Plaintiff's failure to respond to that assertion warrants dismissal of that claim on grounds that Plaintiff abandoned it. See Mack v. JP Morgan Chase Bank, NA, 12-CV-8181 (DAB), 2016 U.S. Dist. LEXIS 44832, at *29 n. 5 (S.D.N.Y. Mar. 24, 2016); Cortes v. City of New York, 148 F. Supp. 3d 248, 255 (E.D.N.Y. 2015) (Cogan, J.) ("I address several claims raised in defendants' motion to which plaintiff did not respond or responded, at best, in passing, and are therefore deemed either abandoned or, in any event, without merit"). Moreover, Plaintiff also failed to respond to Defendant's assertion that she failed to establish any causal connection between any alleged discriminatory animus and either her placement on leave pursuant to Civil Service Law ("CSL") §72 or her requests to transfer. See Am. Compl. ECF No. 24, ¶¶ 65-72, 90; Def. Ltr., ECF No. 26, pp. 2. Accordingly, those claims should be treated as abandoned as well.

Further, just as the Amended Complaint failed to allege facts sufficient to overcome the Twombly and Iqbal requirements, Plaintiff's Opposition now fails to provide any clarification.[3] Plaintiff cites paragraphs 44, 46, and 52 in support of her argument that she suffered disparate treatment. See Plaintiff's Opp. ECF No. 27, pp. 3. However, and fatal to her claims, nowhere in the Amended Complaint – including those paragraphs – does Plaintiff allege facts sufficient to infer that any of those alleged actions were motivated by discriminatory animus. See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)("It is axiomatic that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic") (emphasis added). In addition, Plaintiff in opposition simply recites the standard to establish a hostile work environment claim from Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002), but fails to provide or point to any facts in the Amended Complaint sufficient to demonstrate the existence of a hostile work environment. See Plaintiff's Opp., ECF No. 27, pp. 3; see generally Am. Compl.

In arguing that her retaliation claim can survive this motion, Plaintiff contends that a "causal connection was established by the analysis of history between the parties," further writing that "[i]f weight is to be given to the totality of circumstances, then the contention of passage of time by the Defendant…would be meritless." See Plaintiff's Opp. ECF No. 27, pp. 4. In purported support of this argument, Plaintiff cites to pages 6-7 of the Amended Complaint, which sets forth this alleged "history" in the form of alleged complaints Plaintiff made, the latest occurring in 2010. See id; see also Am. Compl. ECF No. 24, ¶¶ 28-33. However, Plaintiff has failed to demonstrate any causal connection between these alleged complaints – which occurred at latest in 2010 – and her placement on indefinite leave pursuant to CSL §72, which became final in July 2016. See Hunter v. St. Francis Hosp., 281 F. Supp. 2d 534, 547 (E.D.N.Y. 2003) ("A causal connection between the adverse action and the protected activity, is established where a plaintiff offers[:] (1) direct proof of retaliatory animus directed against the plaintiff, (2) disparate treatment of similarly situated employees, or (3) that the retaliatory action occurred

---

[3] To provide further explanation, Plaintiff's claim from the Amended Complaint that her placement on leave was motivated by discriminatory animus establishes nothing more "the recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)," such complaint will not withstand a defendant's motion to dismiss. Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (citing Grillo v. N.Y. City Transit Auth., 291 F. 3d 231, 235 (2d Cir. 2002)); see also Am. Compl. ECF No. 24, ¶¶ 93-106.

close in time to the protected activities.") (citing <u>McNair v. NYC Health & Hospital Co.</u>, 160 F. Supp. 2d 601, 604 (S.D.N.Y. 2001)).  Accordingly, Plaintiff's retaliation claims should be dismissed.

**C.     Plaintiff Fails to Establish an Interference or Retaliation Claim under the FMLA**

Plaintiff argues that she has established an interference claim under the FMLA, mistakenly relying on paragraph 86 of the Amended Complaint, which alleges only that Defendant failed to properly process Plaintiff's FMLA leave request.  <u>See</u> Plaintiff's Opp. ECF No. 27, pp. 5.  However, Plaintiff has failed to set forth any facts sufficient to demonstrate that Defendant impeded her rights under the statute.  <u>Serby v. New York City Department of Education</u>, 09 CV 2727 *11 (E.D.N.Y. Mar. 20, 2012) ("To establish an FMLA interference claim, a plaintiff must demonstrate that an employer in some manner impeded the employee's exercise of his or her rights protected by the statute").

Plaintiff's FMLA retaliation claim is similarly unavailing. Plaintiff tries to argue that a hearing related to her indefinite leave was held in May 2016, which she claims is close in time to her July 2016 request for FMLA leave and therefore supports her retaliation claim.  <u>See</u> Plaintiff's Opp., ECF No. 27, p. 5.  However, Plaintiff acknowledges that she was first placed on indefinite leave January 2016. <u>See</u> Am. Compl., ¶ 77.  Despite alleging that she returned to work in May 2016, Defendant DOHMH had already been contemplating the placement of Plaintiff on indefinite leave, as evidenced by Plaintiff's placement on leave in January 2016.  <u>See</u> Plaintiff's Opp. ECF No. 27, pp. 5; Am. Compl. ECF No. 24, ¶¶ 80-81.  Accordingly, Plaintiff's prior placement on indefinite leave undercuts her retaliation claim.  <u>See</u> <u>Clark County School District v. Breeden</u>, 532 U.S. 268, 272 (2001) (Where an employer is considering the adverse employment action in question before the protected activity occurred, "their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality").

Further, plaintiff concedes that the May 2016 hearings were held before the Office of Administrative Trials and Hearings ("OATH").  <u>See</u> Am. Compl., ¶ 80.  Plaintiff, however, ignores the fact that OATH is a City agency independent from the putative defendant.  See  http://www.nyc.gov/html/oath/html/about/about.shtml ("OATH [w]as the first municipal central tribunal in the country separate from the agencies that refer cases to it").  The fact that OATH is an independent agency, which determined that Plaintiff had appropriately been placed on indefinite leave, further undermines Plaintiff's argument.  <u>See</u> <u>Collins v. N.Y. City Transit Auth</u>., 305 F.3d 113, 119 (2d Cir. N.Y. 2002) ("a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link"). Finally, even if Plaintiff were to establish any temporal proximity, she still has failed to demonstrate, that her requesting FMLA leave was the "but for" cause of her placement on indefinite leave..  <u>See</u> <u>Woods v. Start Treatment and Recovery Center</u>, 2016 U.S. Dist. LEXIS 17078 (E.D.N.Y. Feb. 11, 2016).

**D.      Plaintiff Fails to Demonstrate a Breach of Contract**

Rather than respond to Defendant's assertion that her breach of contract claim should be dismissed, Plaintiff cites to a case from Illinois, interpreting Illinois law. See Plaintiff's Opp. ECF No. 27, pp. 6. Plaintiff argues that "[d]efendant's promise to provide a discrimination-free environment to all employees would be in direct violation of contractual terms," but again fails to allege the existence of any handbook, contract, or policy. As stated in Defendant's letter motion, this argument has been rejected by courts in this circuit and State. See Willis v. Verizon N.Y., Inc., 2012 U.S. Dist. LEXIS 86651 at *17 (E.D.N.Y. June 22, 2012) (dismissing a breach of contract claim where the plaintiff alleged that an employee handbook created an implied contract not to unlawfully discriminate, but failed to actually provide factual matter regarding the nature of the handbook's anti-discrimination guarantee); Blaise-Williams v. Sumitomo Bank, Ltd., 189 A.D.2d 584, 592 (N.Y. App. Div. 1st Dep't, 1993) (a general statement of equal opportunity and nondiscrimination contained in an employee handbook…is nothing more than a statement of existing law concerning discrimination [and] may not serve as a basis for a breach of contract claim").

Accordingly, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice in its entirety for the reasons set forth herein and in Defendant's January 4, 2017 pre-motion letter.

Thank you for your consideration of this request.

Respectfully submitted,

/s/
Evan M. Piercey
Assistant Corporation Counsel

cc:    **BY ECF**
Chauncey D. Henry, Esq.
1597 Grand Avenue
Baldwin, New York, 11510